ANOUSH HAKIMI (State Bar No. 228858)
anoush@handslawgroup.com
PETER SHAHRIARI (State Bar No. 237074)
peter@handslawgroup.com
**H & S LAW GROUP, PLC**
7080 Hollywood Blvd., Suite 804
Los Angeles, CA 90028

Telephone: (323) 672 - 8281
Facsimile: (213) 402 - 2170

Attorneys for Plaintiff,
**BRENDA CORE**

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA CORE,<br><br>       Plaintiff,<br><br>   v.<br><br>HENDIFAR PROPERTIES, LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>      Defendants. | Case No.:  2:20-cv-03247-FMO-MAA<br><br>**JOINT RULE 26(F) REPORT**<br><br>Hon. Fernando M. Olguin<br><br><u>Scheduling Conference</u><br><br>Date:  July 30, 2020<br>Time: 10:00 a.m.<br>Room: 6D |

///

///

Jon A. Atabek, Esq. (SBN 269497)
ATABEK & ASSOCIATES, P.C.
16330 Bake Parkway
Irvine, CA 92618
Telephone: (213) 394-5943
jatabek@atabeklaw.com

Attorney for Defendants
HENDIFAR PROPERTIES, LLC

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

2

JOINT RULE 26(F) REPORT

**TO THE HONORABLE COURT:**

On July 9, 2020, the parties held their early meeting of counsel and submit the following Joint Scheduling Conference Report.

***1.*** *__Summary__*

Plaintiff:

Brenda Core has a Marfan related condition: a disease of the body's collagen causing medical problems in her connective tissue. Her ligaments, cartilage, joints and internal organs are sick. She has trouble walking and standing. Plaintiff uses a cane or walker as needed. Plaintiff visited Defendant's property to patronize the "Burger King", which is located at Defendant's Property. Plaintiff encountered barriers that interfered with her ability to use and enjoy the goods, services, privileges and accommodations offered at the Property, including parking, paths of travel, signage and restrooms. Plaintiff alleges there is no ADA compliant parking, paths of travel, signage or restrooms on the Defendant's property.

Principal factual issues in dispute include the following: whether the parking lot, parking spaces, paths of travel, signage, restrooms and other alleged violations are and were in compliance; whether the remedies to the alleged violations are too expensive to be readily achievable; whether the Defendant has failed to provide access to persons with disabilities; the number of visits Plaintiff is entitled to claim as violations within the time frame alleged; whether Defendant has policies and procedures that place corporate profit above the law and the well-established rights of disabled Americans; and Plaintiff's alleged damages.

Plaintiff is alleging claims under the Americans with Disabilities Act and the Unruh Civil Rights Act. Plaintiff alleges that none of the many architectural barriers have been removed yet.

Defendant:

Defendants contend the property is currently free of all violations under the ADA, and thus that Plaintiff lacks standing to pursue injunctive relief under the ADA. Defendants further contend that to the extent Plaintiff can walk, she does not have standing or injury arising from many of the ADA violations she alleges.

Subject Matter Jurisdiction

Plaintiff:

The basis for the Court's subject matter jurisdiction is a federal question regarding claims under the Americans with Disabilities Act of 1989, 42 U.S.C. ch. 126 § 12101 et seq. Plaintiff has the right under 28 U.S.C. § 1653 to amend the Complaint to properly plead jurisdiction should the issue arise.  No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

Defendant:

Plaintiff lacks subject matter jurisdiction. There are presently no ADA violations at the Burger King. The ADA permits only injunctive relief under Title III. Without any present violations, Plaintiff lacks standing to pursue a claim under the ADA. Without his ADA claim, Plaintiff lacks any other basis for federal subject matter jurisdiction, and the Court should decline jurisdiction over pendant state law claims.

## 2. *Legal Issues*

Plaintiff:

(1) the nature of the alleged ADA and relevant building codes causing barriers not currently alleged, particularly related to barriers Plaintiff encountered in the interior of the business; (2) whether ownership and operation of the business makes Defendant liable for damages and fixing the alleged violations of the ADA; (3) impact of the history of Defendant's failure to comply with the ADA and or ADAAG in California on damages; (4) the consequence of previous complaints regarding disability discrimination against the Defendant; (5) the effect of the lack

of ADA compliant parking, failure to provide accessible paths of travel, and of non-complaint signage and restroom on Plaintiff; (6) whether changes or modifications to the property have been put into motion by the existence of Plaintiff's complaint; (7) the financial feasibility of providing access to persons with disabilities by way of depositions of witnesses, persons most qualified, co-owners of the subject property, lessee of defendant, personnel employed by the lessee of defendant and defendant, as well as written discovery through requests for documents and tangible items and interrogatories and (8) whether policies and procedures of Defendant regarding compliance with California State and Federal disability access laws shows a wanton disregard for disability discrimination and disability access laws.

Defendant:

(1) Plaintiff's lack of standing under the ADA due to no present ADA violations at the property; (2) Whether the alleged violations were even violations in the first place; (3) The nature of Plaintiff's alleged disability, and her lack of standing to asserts certain kinds of violations under the ADA as alleged in the Complaint; and (4) Whether the Court should exercise jurisdiction over pendant state law claims.

### 3.    *Parties, Evidence, etc*

Plaintiff:

Plaintiff has filed her Certification as to Interested Parties or Persons. Parties named in Plaintiff's Certification are Plaintiff Brenda Core and Defendant Hendifar Properties, LLC. Plaintiff does not currently anticipate adding any new parties, however she may add additional allegations of code violations not in the current complaint subsequent to a land inspection.

Potential Witnesses:

    a.   Principles/ Owners of Defendant Hendifar Properties, LLC

    b.   Employees and agents of Defendant Hendifar Properties, LLC

c. Employees and agents of the BURGER KING on the property

d. Plaintiff

e. Contractors of Defendant or Defendant's lessee who performed work at the subject premises.

Defendant:

a. Witnesses: Defendants agree with Plaintiff's proposed witnesses, and adds Defendant's CASp inspector, who will be identified pursuant to applicable rules regarding expert discovery, or at another time as applicable;

b. Documents: Defendants will seek from Plaintiff, (1) Plaintiff's medical records and receipts evidencing her disability and any ownership or need for prosthetics; (2) Documents evidencing that Plaintiff visited the Burger King on the dates she alleges; (3) Communications between Plaintiff and any person that reference the Burger King.

**4.** *__Insurance__*

Plaintiff:

Plaintiff is not aware of any insurance that provides coverage for this action.

Defendant:

Defendants do not have any insurance coverage for this action.

**5.** *__Magistrate Judge__*

Plaintiff:

Plaintiff consents to a magistrate judge to preside over this action.

Defendant:

Defendant consents to the magistrate judge to preside only over discovery and non-dispositive motions, but reserves the right to have dispositive motions and

trial handled by the District Court Judge assigned.

7.   ***Discovery***

Plaintiff:

Plaintiff intends to seek discovery related to: (1) other violations of the ADA and relevant building codes causing barriers not currently alleged, particularly related to barriers Plaintiff encountered in the interior of the business; (2) the ownership and operation of the Property; (3) history of Defendant's failure to comply with the ADA and or ADAAG in California; (4) previous complaints regarding disability discrimination against the Defendant; (5) the lack of ADA compliant parking, inaccessible paths of travel, non-compliant signage, non-compliant restroom; and other access violations (6) changes or modifications to the Property; (7) the feasibility of providing access to persons with disabilities by way of depositions of witnesses, persons most qualified, co-owners of the subject property, lessee of defendant, personnel employed by the lessee of defendant and defendant, as well as written discovery through requests for documents and tangible items and interrogatories and (8) policies and procedures of Defendant regarding compliance with disability access laws.

Defendant:

Defendants will seek from Plaintiff, (1) Plaintiff's medical records and receipts evidencing her disability and any ownership or need for prosthetics; (2) Documents evidencing that Plaintiff visited the Burger King on the dates she alleges; (3) Communications between Plaintiff and any person that reference the Burger King. Defendant will also seek the deposition of Plaintiff, as well as any inspector hired by Plaintiff who inspected the premises.

6.   ***Motions***

Plaintiff:

Plaintiff does not intend to add any parties or claims, file amended pleadings

or transfer venue *at this time*.

Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc*., (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Defendant:

Defendant is contemplating a 12(b)(1) motion for lack of subject matter jurisdiction.

**8.** _**Class Certification**_

Plaintiff:

Not applicable.

Defendant:

Agreed.

**9.** _**Dispositive Motions**_

Plaintiff: Plaintiff anticipates filing a motion for summary judgment on the issues of duty and liability.

Defendant:
12(b)(1) Motion and Motion for Summary Judgment.

**10.** _**Settlement/Alternative Dispute Resolution (ADR):**_

Plaintiff:

Plaintiff proposes ADR procedure 2.

Defendant:

Agreed.

**11.** _**Pretrial and Trial Dates**_

Plaintiff:

Plaintiff proposes the following pretrial and trial dates:

        Discovery Cutoff:        July 9, 2021

        Motion Hearing Cutoff:    August 16, 2021

        Final Pretrial Conference: September 6, 2021

        Trial:                September 14, 2021

Defendant:

Agreed.

**12.**    ***Trial Estimate***

Plaintiff:

Plaintiff estimates a 1-2 day jury trial.

Defendant:

Agreed.

**13.**    ***Trial Counsel***

Plaintiff:

Anoush Hakimi & Peter Shahriari

Defendant:

Jon A. Atabek

**14.**    ***Independent Expert or Master:***

Plaintiff:

An independent expert or master is not applicable in this matter.

Defendant:

Agreed.

**16.**    ***Other Issues***

Joint Position:

The parties believe there are no other issues affecting the status or management of the case. The parties do not propose any severance, bifurcation, or other ordering of proof.

1

2     DATED: July 9, 2020                    H&S LAW GROUP, PLC

3

4                                     By:    */s/Anoush Hakimi*

5                                            ANOUSH HAKIMI, ESQ.
                                             Attorney for Plaintiff, Brenda Core
6

7

8      DATED: July 9, 2020                   ATABEK & ASSOCIATES, P.C.

9

10

11                                    By:    */s/Jon A. Atabek*
                                             JON A. ATABEK, ESQ.
12                                           Attorney for Defendant, Hendifar Properties,
                                             LLC
13

14

15                        **SIGNATURE ATTESTATION**

16     I, Anoush Hakimi, attest that all other signatories listed, and on whose behalf the
       filing is submitted, concur in the filing's content and have authorized the filing.
17

18

19                                           /s/Anoush Hakimi
                                             Anoush Hakimi
20

21

22

23

24

25

26

27

28

JOINT RULE 26(F) REPORT